ROBERT D. BASS, ESQ. (State Bar No. 060528)
rbass@greenbass.com
GREENBERG & BASS LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Tel:  (818) 382-6200 • Fax: (818) 986-6534

Attorneys for Plaintiff
International Trade Finance, LLC

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No.: 16-03117-LT7 |
| STEVEN CHRIS DIXON, | Adv. No.: |
| Debtor. | (Chapter 7) |
| | **COMPLAINT:**<br>**(1) TO DETERMINE VALIDITY, PRIORITY, AND EXTENT OF LIENS AND INTERESTS IN REAL PROPERTY;**<br>**(2) OBJECTING TO DEBTOR'S CLAIM OF EXEMPTION;**<br>**(3) FOR DECLARATORY RELIEF; AND**<br>**(4) FOR INJUNCTIVE RELIEF** |
| INTERNATIONAL TRADE FINANCE, LLC, | |
| Plaintiff, | |
| v. | [11 U.S.C. §§ 105, 502, 506 and 522] |
| STEVEN CHRIS DIXON; RONALD E. STADTMUELLER IN HIS CAPACITY AS CHAPTER 7 TRUSTEE; AND BROKER SOLUTIONS, INC. DBA NEW AMERICAN FUNDING; | |
| Defendants. | |

COMES NOW International Trade Finance, LLC, pursuant to 11 U.S.C. §§ 105, 502, 506 and 522, and Rules 7001(2), 7001(7) and 7001(9) of the Federal Rules of Bankruptcy Procedure ("FRBP"), and hereby alleges and complains as follows:

1

# I.

## THE PARTIES

1.    Plaintiff International Trade Finance, LLC ("Plaintiff" or "ITF") is a limited liability company duly organized and in good standing under the laws of the State of Nevada.  Plaintiff is also duly registered to conduct business in the State of California.

2.    Upon information and belief, defendant Steven Chris Dixon ("Debtor" or "Dixon") is an individual who is a resident of Fallbrook, California.  Dixon is the Chapter 7 debtor in the above-captioned bankruptcy case identified by case number 16-03117-LT7.

3.    Ronald E. Stadtmueller ("Trustee") is the duly appointed Chapter 7 Trustee of the Debtor's estate.

4.    Upon information and belief, Broker Solutions, Inc. is a corporation organized and operating under the laws of the State of California, doing business as New American Funding ("New American").  Debtor, the Trustee and New American shall collectively be referred to herein as the "Defendants".

# II.

## JURISDICTION AND VENUE

5.    This is an adversary proceeding arising in the above-captioned bankruptcy case to determine the validity, priority, or extent of liens or other interests in property, object to the Debtor's claim of exemption under Cal. Code Civ. Proc. § 704.730, and obtain declaratory and injunctive relief in connection therewith, pursuant to 11 U.S.C. §§ 105, 502, 506 and 522, and FRBP 7001(2), 7001(7) and 7001(9).

6.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157 and 1334.

7.    This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and 157(b)(2)(B), and 157(b)(2)(K).  Plaintiff consents to the entry of final orders and/or judgment by the bankruptcy judge.

2

8.     Venue is proper in the United States Bankruptcy Court for the Southern District of California pursuant to 28 U.S.C. § 1409(a) because the underlying bankruptcy case is pending in this district.

## III.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

9.     On September 25, 2009, GIB Services, LLC ("GIB") filed an action against the Debtor, among other parties, in the Superior Court for the County of Sacramento bearing case number 34-2009-00058989-CU-CL-GDS.   Default judgment was entered in favor of GIB and against the Debtor on June 21, 2010 (the "GIB Judgment").   An abstract of the Judgment, certified as true and correct by the Clerk of the Sacramento County Superior Court, was recorded on September 2, 2010 in the Official Records of the San Diego County Recorder and identified therein as Instrument No. 10-463722 (the "GIB Judgment Lien").    A true and correct copy of the GIB Judgment Lien is attached hereto as ***Exhibit "A"***.

10.     ITF is now the judgment creditor and assignee under the GIB Judgment pursuant to a Notice of Acknowledgement of Assignment of Judgment filed in the Sacramento County Superior Court on November 16, 2015.   A true and correct copy of the Assignment is attached hereto as ***Exhibit "B"***. ITF thereby holds all right, title and interest in the GIB Judgment, including the right to enforce the GIB Judgment Lien against the Debtor.

11.     At the time the GIB Judgment Lien was initially recorded, the amount due thereunder was $95,166.80.  As of March 2016, the total sum then due and owing under the GIB Judgment was $149,605.75, which sum incorporates the amount due on the original GIB Judgment, plus interest since the date of GIB Judgment at the legal rate, plus court fees.

12.     ITF thereafter discovered the existence of another judgment lien recorded with respect to the Debtor on July 30, 2002 in the amount of $42,842.84 (the "Lewis Judgment Lien") in favor of judgment creditor Alan Lewis ("Lewis").  A true and correct copy of the Lewis Judgment Lien that was retrieved by ITF's state court counsel is attached hereto as ***Exhibit "C"***.

13.     ITF was informed that, with respect to the Lewis Judgment Lien, Mr. Lewis was acting as a collection agent for Southern California Painting and Drywall Industries Trust Funds

3

1  ("SoCal").  SoCal agreed to transfer its interest to ITF, and the parties entered into an Assignment of

2  Judgment Lien which was recorded on July 27, 2016 with the San Diego County Recorder's Office

3  as Doc. No 2016-0377702.  A true and correct copy of the Assignment is attached hereto as ***Exhibit***

4  ***"D"***.

5        14.    ITF is informed and believes that the Debtor purchased that certain real property

6  located at 474 Solana Real, Fallbrook, CA 92028 (the "Property") in or about February 2014.

7        15.    On May 24, 2016, the Debtor filed for relief under chapter 7 of the Bankruptcy Code,

8  11 U.S.C. §§ 101, et seq.

9        16.    Debtor listed the Property in Schedule "A/B" with a value of $665,000 (less 8% costs

10  of sale for $611,800).

11        17.    In Schedule "C", the Debtor claimed an exemption under Cal. Code Civ. Proc. §

12  704.730 in the total amount of $100,000 (i.e. a homestead exemption).

13        18.    In his Schedule "D", the Debtor identified New American as "Prov/new Amer

14  Funding" with a secured claim in the first position in the total amount of $639,336.75.  Debtor also

15  identified GIB with a secured claim against the Property in the total amount of $149,605.75.  Debtor

16  did not identify ITF with respect to this claim.  Debtor did not identify Lewis or the Lewis Judgment

17  Lien.

18        19.    On July 28, 2016, ITF filed an objection to the Debtor's claim of a homestead

19  exemption with respect to the Property in the Debtor's bankruptcy case.

20                    **FIRST CLAIM FOR RELIEF**

21          **To Determine Validity and Priority of Liens – Against All Defendants**

22             **[11 U.S.C. §§ 105, 502, 506 and 522; FRBP 7001(2)]**

23        20.    Plaintiff repeats and alleges the allegations contained in paragraph 1 through 19 of

24  this Complaint, inclusive, and incorporates the same as if fully set forth herein.

25        21.    ITF asserts that it is the holder of the Lewis Judgment Lien which encumbers the

26  Property in the second position.

27        22.    ITF also asserts that it is the holder of the GIB Judgment Lien which encumbers the

28  Property in the third position.

4

23.     Based on the representations and claims made by the Debtor in his Schedules, ITF is informed and believes that the Debtor disputes (a) that ITF is the holder of the GIB Judgment Lien; and (b) the existence of the Lewis Judgment Lien.  ITF further believes that the other Defendants may similarly dispute the existence or extent of ITF's secured claims and thereby includes such Defendants in this action to the extent that such disputes exist.

24.     ITF seeks a determination from this court under FRBP 7001(2) and 11 U.S.C. §§ 105, 502, and 506 that: (a) ITF's lien represented by the Lewis Judgment Lien is a valid, properly perfected lien, in a second priority position against the Property; and (b) ITF's lien represented by the GIB Judgment Lien is a valid, properly perfected lien, in a third priority position against the Property.

### SECOND CLAIM FOR RELIEF

#### Objection to Claim of Exemption – Against the Debtor

#### [11 U.S.C. §§ 105, 502, 506 and 522; FRBP 7001(2)]

25.     Plaintiff repeats and alleges the allegations contained in paragraph 1 through 24 of this Complaint, inclusive, and incorporates the same as if fully set forth herein.

26.     Debtor acquired the Property after the Lewis Judgment Lien had already been duly recorded against the Debtor.

27.     Debtor acquired the Property after the GIB Judgment Lien had already been duly recorded against the Debtor.

28.     Debtor did not use exempt funds to purchase the Property.

29.     ITF asserts that the homestead exemption claimed by the Debtor under Cal. Code Civ. Proc. § 704.730 in his bankruptcy filings cannot be exercised to protect any of the Debtor's interest the Property which was acquired after the Lewis Judgment Lien and the GIB Judgment Lien had been recorded.

30.     ITF thereby objects to the Debtor's claim of exemption under Cal. Code Civ. Proc. § 704.730, which homestead exemption should be disallowed in its entirety.

5

1321782.1 -- 30783.0003

## THIRD CLAIM FOR RELIEF

### Declaratory Relief – Against All Defendants

### [11 U.S.C. 105, 502, 506 and 522; FRBP 7001(9)]

31.     Plaintiff repeats and alleges the allegations contained in paragraph 1 through 30 of this Complaint, inclusive, and incorporate the same as if fully set forth herein.

32.     An actual controversy has arisen and now exists between ITF and the Debtor (and potentially the other Defendants) in that ITF contends, and Debtor denies, the following:

(a)     ITF's lien represented by the Lewis Judgment Lien is a valid, properly perfected lien, in a second priority position against the Property;

(b)     ITF's lien represented by the GIB Judgment Lien is a valid, properly perfected lien, in a third priority position against the Property;

(c)     The Debtor cannot claim a homestead exemption under Cal. Code. Civ. Proc. § 704.730 to protect any interest in the Property in connection with either the Lewis Judgment Lien or the GIB Judgment Lien;

(d)     An injunction should issue to enjoin Defendants from selling or foreclosing on the Property until after resolution of this action, or from engaging in any other similar conduct until after resolution of this action.

33.     ITF desires a judicial determination of the respective duties and obligations of ITF and Defendants with respect to the Lewis Judgment Lien, the GIB Judgment lien, and any applicable homestead exemption. In particular, ITF desires a declaration that: that (a) ITF's lien represented by the Lewis Judgment Lien is a valid, properly perfected lien, in a second priority position against the Property; (b) ITF's lien represented by the GIB Judgment Lien is a valid, properly perfected lien, in a third priority position against the Property; and (c) Debtor cannot claim a homestead exemption under Cal. Code. Civ. Proc. § 704.730 to protect any interest in the Property in connection with either the Lewis Judgment Lien or the GIB Judgment Lien.

34.     Such a declaration is necessary and appropriate at this time in order that ITF may ascertain its rights, title and interest with respect to the Property.

6

### FOURTH CLAIM FOR RELIEF

**Injunctive Relief – Against All Defendants**

**[11 U.S.C. 105, 502, 506 and 522; FRBP 7001(9)]**

35.    Plaintiff repeats and alleges the allegations contained in paragraph 1 through 34 of this Complaint, inclusive, and incorporate the same as if fully set forth herein.

36.    ITF is informed and believes that there is equity in the Property above and beyond the total sum of the claims secured against that Property.  ITF further believes that due to such equity, the Debtor or the Trustee may attempt to sell the Property without recognizing the valid liens held by ITF and its right to be paid from such sale.

37.    If the Property were to be sold without a determination of the extent and validity of the Lewis Judgment Lien or GIB Judgment Lien, ITF will suffer substantial damages.

38.    Unless and until enjoined and restrained by Order of this Court, the interference with and obstruction of ITF's liens by and of the Defendants will cause great and irreparable injury to ITF, and possibly the ultimate purchaser of the Property if it is sold.

39.    ITF has no adequate remedy at law for the damage that would be done if any of the Defendants proceeds with the sale of the Property.

40.    Defendants should be temporarily, preliminarily and permanently enjoined from selling the Property, or any other similar conduct during the pendency of this action and, after resolution of this action, subject to the relief granted in this action.

**WHEREFORE**, Plaintiff International Trade Finance, LLC prays for:

A.    On the First Claim for Relief to Determine the Validity and Priority of Liens:

1.    A determination that (a) ITF's lien represented by the Lewis Judgment Lien is a valid, properly perfected lien, in a second priority position against the Property; and (ii) ITF's lien represented by the GIB Judgment Lien is a valid, properly perfected lien, in a third priority position against the Property.

B.    On the Second Claim for Relief for Objection to Claim of Exemption:

1.    A determination that the Debtor cannot claim a homestead exemption under Cal. Code. Civ. Proc. § 704.730 to protect any interest in the Property in connection with

7

either the Lewis Judgment Lien or the GIB Judgment Lien, and that the homestead exemption asserted by the Debtor is disallowed in its entirety.

C.  On the Third Claim for Relief for Declaratory Relief:

1.  A determination that: (a) ITF's lien represented by the Lewis Judgment Lien is a valid, properly perfected lien, in a second priority position against the Property; (b) ITF's lien represented by the GIB Judgment Lien is a valid, properly perfected lien, in a third priority position against the Property; and (c) Debtor cannot claim a homestead exemption under Cal. Code. Civ. Proc. § 704.730 to protect any interest in the Property in connection with either the Lewis Judgment Lien or the GIB Judgment Lien.

D.  On the Fourth Claim for Relief for Injunctive Relief:

1.  An order temporarily, preliminarily and permanently enjoining the Defendants from selling the Property, or any other similar conduct during the pendency of this action and, after resolution of this action, subject to the relief granted in this action.

E.  On All Claims for Relief:

1.  For costs incurred; and

2.  Such other relief as the Court deems.

DATED:  July 29, 2016                          GREENBERG & BASS LLP



By: _____
ROBERT D. BASS, ESQ.
Attorneys for Plaintiff
International Trade Finance, LLC

# EXHIBIT A

Branch :P01,User :1956                    Comment:                                    Station Id :CU9A

DOC #    2010-0463722

EJ-001

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and
telephone number):
Recording requested by and return to:
CHRISTOPHER G. JACOBS, ESQ.    (Bar # 111662)
JACOBS LAW CORPORATION
2356 GOLD MEADOW WAY, SUITE 250
GOLD RIVER, CA 95670
(916) 853-5500    FAX NO. (916) 853-5502

| [X] ATTORNEY FOR | [X] JUDGMENT CREDITOR | [ ] ASSIGNEE OF RECORD |

SEP 02, 2010    3:59 PM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
DAVID L. BUTLER, COUNTY RECORDER
FEES:        22.00
NOTICES:                    1
PAGES:    2

13283

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 NINTH STREET
MAILING ADDRESS: SAME
CITY AND ZIP CODE: SACRAMENTO 95814
BRANCH NAME: GORDON D. SCHABER COURTHOUSE

PLAINTIFF: GIB SERVICES, LLC

DEFENDANT: GLOBAL INTELLECTUAL BRANDS, LLC, et al.

| ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS | [ ] Amended |

CASE NUMBER:
34-2009-00058989

FOR COURT USE ONLY

1. The [X] judgment creditor [ ] assignee of record
    applies for an abstract of judgment and represents the following:
    a. Judgment debtor's
        Name and last known address

    ┌─────────────────────────────────────────────┐
    │ GLOBAL INTELLECTUAL BRANDS, LLC, a Delaware  │
    │ limited liability company, previously known as HR US, LLC │
    │ 825 COLLEGE BLVD., SUITE 102-343             │
    │ OCEANSIDE, CA 92507                          │
    └─────────────────────────────────────────────┘

    b. Driver's license no. [last 4 digits] and state:                    [X] Unknown
    c. Social security no. [last 4 digits]:                                [X] Unknown
    d. Summons or notice of entry of sister-state judgment was personally served or
        mailed to [name and address]: Global Intellectual Brands, LLC, a Delaware limited liability company, previously
        known as HR US, LLC - 825 College Blvd. - Suite 102-343, Oceanside, CA 92507

2. [X] Information on additional judgment
    debtors is shown on page 2.

3. Judgment creditor [name and address]:
    GIB SERVICES, LLC, a California limited liability company
    11230 GOLD EXPRESS DRIVE, SUITE 310-270, GOLD RIVER

Date: 7/1/10
    CHRISTOPHER G. JACOBS, ESQ.
                (TYPE OR PRINT NAME)

4. [ ] Information on additional judgment
    creditors is shown on page 2.

5. [ ] Original abstract recorded in this county:
    a. Date:
    b. Instrument No.:

                                                ▶ _____
                                                    (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
    $ 95,166.80

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on [date]: June 21, 2010
    b. Renewal entered on [date]:

9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of [name and address]:

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until
        [date]:

[SEAL]

This abstract issued on [date]:

JUL - 2 2010

12. a. [X] I certify that this is a true and correct abstract of
        the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

Clerk, by    C. GUTIERREZ                    , Deputy

Form Approved for Mandatory Use
Judicial Council of California
EJ-001 [Rev. January 1, 2008]

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190
LexisNexis® Automated California Judicial Council Forms

Branch :P01,User :1956                    Comment:                                          Station Id :CU9A

13284

| PLAINTIFF: GIB SERVICES, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT: GLOBAL INTELLECTUAL BRANDS, LLC, et al. | 34-2009-00058989 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor (name and address):          14. Judgment creditor (name and address):

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.          Name and last known address                17.          Name and last known address

STEVEN C. DIXON
825 COLLEGE BLVD., SUITE 102-343
OCEANSIDE, CA 92507

Driver's license no. [last 4 digits]
and state:                                              ☒ Unknown          Driver's license no. [last 4 digits]
and state:                                              ☐ Unknown

Social security no. [last 4 digits]:                    ☒ Unknown          Social security no. [last 4 digits]:          ☐ Unknown

Summons was personally served at or mailed to (address):          Summons was personally served at or mailed to (address):

STEVEN C. DIXON
825 COLLEGE BLVD., SUITE 102-343
OCEANSIDE, CA 92507

18.          Name and last known address                19.          Name and last known address

Driver's license no. [last 4 digits]
and state:                                              ☐ Unknown          Driver's license no. [last 4 digits]
and state:                                              ☐ Unknown

Social security no. [last 4 digits]:                    ☐ Unknown          Social security no. [last 4 digits]:          ☐ Unknown

Summons was personally served at or mailed to (address):          Summons was personally served at or mailed to (address):

20. ☐ Continued on Attachment 20.

EJ-001 [Rev. January 1, 2008]                    **ABSTRACT OF JUDGMENT—CIVIL**                    Page 2 of 2
                                                 **AND SMALL CLAIMS**

                                                 LexisNexis® Automated California Judicial Council Forms

# EXHIBIT B



1   CHRISTOPHER G. JACOBS, ESQ. (State Bar No. 111662)
    Chris@Jlawcorp.com
2   JACOBS LAW CORPORATION
    2356 Gold Meadow Way
3   Suite 250
    Gold River, California 95670
4
    Tel: (916) 853-5500 • Fax: (916) 853-5502
5
    Attorneys for Plaintiff
6   GIB Services, LLC

**FILED**
Superior Court Of California,
Sacramento
**11/16/2015**
amacias
By_____, Deputy
Case Number:
**34-2009-00058989**

7

8

9                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    IN AND FOR THE COUNTY OF SACRAMENTO

11

12   GIB SERVICES, LLC, a California limited       CASE NO.: 34-2009-00058989-CU-CL-GDS
     liability company,
13                                                  ACKNOWLEDGEMENT OF ASSIGNMENT
                        Plaintiff,                  OF JUDGMENT BY JUDGMENT
14   v.                                             CREDITOR GIB SERVICES, LLC

15   GLOBAL INTELLECTUAL BRANDS, LLC, a             [C.C.P. §673]
     Delaware limited liability company, previously
16   known as HR US, LLC; STEVEN C. DIXON;
     and DOES ONE through TWENTY, inclusive,
17

18                      Defendants.

19

20        I, Randy Dunham, state the following:

21        1.       On September 25, 2009, GIB Services, LLC initiated this action against defendants

22   Global Intellectual Brands, LLC fka HR US, Steven C. Dixon, and Does 1 through 20, in

23   Sacramento County Superior Court, where it was assigned Case No. 34-2009-00058989-CU-CL-

24   GDS. At that time, I was the sole member and the Managing Member of GIB Services, LLC.

25        2.       All defendants were served with the summons and complaint, but none of the

26   defendants timely filed an answer or other response.

27

28

                                              1
                    ACKNOWLEDGEMENT OF ASSIGNMENT OF JUDGMENT

1232142.2 - 30783.0003

3.   On February 4, 2010, the Court entered default on the complaint against the named defendants Global Intellectual Brands, LLC fka HR US and Steven C. Dixon.

4.   On June 21, 2010, the Court entered judgment against defendants Global Intellectual Brands, LLC fka HR US and Steven C. Dixon in Case No. 34-2009-00058989-CU-CL-GDS in the amount of $95,166.80 (ninety five thousand one hundred sixty six dollars and eighty cents). The judgment has not been renewed since entry. A true and correct copy of the judgment entered against defendants Global Intellectual Brands, LLC fka HR US and Steven C. Dixon and in favor of GIB Services, LLC is attached to this Acknowledgement of Assignment of Judgment as Exhibit "A".

5.   The address of judgment creditor GIB Services, LLC in 2010 at the time judgment was entered against defendants Global Intellectual Brands, LLC fka HR US and Steven C. Dixon was 11495 Forty Niner Circle, Gold River, California 95670.

6.   The last known address of judgment debtor Steven C. Dixon is 825 College Boulevard, Suite 102 – 343, Oceanside, California 92507.

7.   The last known address of judgment debtor Global Intellectual Brands, LLC fka HR US is 825 College Boulevard, Suite 102 – 343, Oceanside, California 92507.

8.   As set forth below, GIB Services, LLC's judgment obtained in Case No. 34-2009-00058989-CU-CL-GDS was later assigned by GIB Services, LLC to settle another action.

9.   On June 17, 2010, GIB Services, LLC filed a complaint against International Trade Finance, LLC in Sacramento County Superior Court, Case No. 34-2010-00080453 ("the ITF Action"). On August 30, 2010, International Trade Finance, LLC filed a cross-complaint against GIB Services, LLC in the ITF Action.

10.   The ITF Action was settled in 2012. A true and correct copy of the settlement agreement executed by me at a time when GIB Services, LLC was a California limited liability company in good standing and I was the sole member and the Managing Member of GIB Services, LLC, and by my attorney, is attached to this Acknowledgement of Assignment of Judgment as Exhibit "B". The settlement agreement in the ITF Action was in fact executed by all parties and their counsel of record.

ACKNOWLEDGEMENT OF ASSIGNMENT OF JUDGMENT
1232142.2 – 30783.0003

11.     Pursuant to the terms of paragraph 3 of Exhibit "B", GIB Services, LLC agreed to unconditionally assign the judgment entered in Case No. 34-2009-00058989-CU-CL-GDS, against Global Intellectual Brands, LLC fka HR US and Steven C. Dixon, to International Trade Finance, LLC. GIB Services, LLC and I, individually as Managing Member, also agreed to cooperate in the effort by International Trade Finance, LLC to enforce the judgment against defendants Global Intellectual Brands, LLC fka HR US and Steven C. Dixon and in favor of GIB Services, LLC. International Trade Finance, LLC now seeks to enforce the judgment assigned to it by GIB Services, LLC.

12.     I recall and believe that I have previously executed a valid assignment of the judgment as so described; however neither I nor International Trade Finance have located that executed assignment.  By this Acknowledgement of Assignment of Judgment, on behalf of the cancelled GIB Services LLC, I reconfirm that GIB Services LLC assigned the judgment to International Trade Finance, and I submit this instrument in order to acknowledge on behalf of all members and managers of GIB Services, LLC that the assignment was and is effective and valid.  I submit this instrument in order to fulfill and confirm the performance of GIB Services, LLC's obligation under the settlement agreement to assist International Trade Finance, LLC to enforce the judgment entered in Case No. 34-2009-00058989-CU-CL-GDS against Global Intellectual Brands, LLC fka HR US and Steven C. Dixon and in favor of GIB Services, LLC. Although GIB Services, LLC is currently a cancelled limited liability company, its obligation to International Trade Finance, LLC was entered into in 2012, at a time when GIB Services, LLC was a limited liability company in good standing, and I was its sole member and its Managing Member with full authority to commit GIB Services, LLC to that obligation.

13.     By this Acknowledgement of Assignment of Judgment, I confirm that the prior interests of GIB Services, LLC, its members and its managers have authorized and assigned to International Trade Finance, LLC all right, title and interest in the judgment, including but not limited to the right to enforce the judgment against either or both judgment debtors, Global Intellectual Brands, LLC fka HR US and Steven C. Dixon.

3

1232142.2 – 30783.0003

14.    The name and address of the assignee is International Trade Finance, LLC, 220 Avenue "I", Redondo Beach, California 90277.

I swear under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Acknowledgement of Assignment of Judgment is executed this 9th day of November, 2015, at Gold River, California.

By: _____
    Randy Dunham

ACKNOWLEDGEMENT OF ASSIGNMENT OF JUDGMENT

1232142.2 -- 30783.0003

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Sacramento

Subscribed and sworn to (or affirmed) before me on this _____ Ninth (9th) _____ day of _____ November _____, 20 15, by _____ Randy Dunham _____ proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

WITNESS my hand and official seal.

_____
Notary Public                                    (Seal)

LISA A. MORTON
COMM. # 2044783
NOTARY PUBLIC-CALIFORNIA
SACRAMENTO COUNTY
MY COMM. EXP. NOV. 7, 2017

Attachment to Acknowledgment of Assignment of Judgment by Judgment Creditor GIB Services LLC

EXHIBIT A

1  CHRISTOPHER G. JACOBS, ESQ.   (SBN 111662)
2  JACOBS LAW CORPORATION
   2356 Gold Meadow Way, Suite 250
3  Gold River, CA 95670
   Telephone: (916) 853-5500
4  Facsimile: (916) 853-5502



FILED/ENDORSED

JUN 21 2010

By: ____M. ARTATES____
                 Deputy Clerk

5
6  Attorneys for Plaintiff,
   GIB SERVICES, LLC, a California limited liability company

7

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             IN AND FOR THE COUNTY OF SACRAMENTO

10

11  GIB SERVICES, LLC, a California limited          Case No.   34-2009-00058989
12  liability company,

13          Plaintiff,

14  v.                                              **JUDGMENT**

15

16  GLOBAL INTELLECTUAL BRANDS, LLC,
    a Delaware limited liability company,
17  previously known as HR US, LLC; STEVEN
    C. DIXON; and DOES ONE through           **"UNLIMITED CIVIL CASE"**
18  TWENTY, inclusive,

19
            Defendants.
20

21      **TO THE DEFENDANTS AND THEIR ATTORNEY(S) OF RECORD:**
22
23      Defendants were properly served with a copy of the Summons and Complaint.
24  Defendants failed to answer the Complaint or appear and defend the action within the time
25  allowed by law. Defendants' default was entered by the Clerk upon Plaintiff's application. The
26  Court considered Plaintiff's written Declaration (Code Civ. Proc. § 585(d)). Having reviewed
27  the documents and evidence submitted and previously filed and good cause having been shown,
28  this Court hereby orders, adjudges and decrees that:

-1-
GIB Services, LLC v. Global Intellectual Brands, et al. – Judgment

Judgment is entered by this Court for Plaintiff, GIB SERVICES, LLC, a California limited liability company, and against the Defendants, GLOBAL INTELLECTUAL BRANDS, LLC, a Delaware limited liability company, previously known as HR US, LLC, and STEVEN C. DIXON. The absolute verity of all of the allegations of the Complaint having been admitted by the default of the Defendants, this Court further finds and orders as follows:

Defendants must pay Plaintiff on the Complaint:

1. Damages in the principal amount of $83,346.93;

2. Pre-Judgment interest in the amount of $6,255.42;

3. Attorney fees in the amount of $4,966.94 or such other amount as the Court deems just and proper; and

4. Costs in the amount of $597.51;

For a total money judgment of $95,166.80.

5. In addition, as to the Fifteenth Cause of Action, performances of Plaintiff under the PURCHASE AGREEMENT as defined in the Complaint filed by Plaintiff in this action are excused, including without limitation, obligations to pay money or perform covenants and/or account for consideration paid or received.

JUDGE OF THE SUPERIOR COURT
COUNTY OF SACRAMENTO



Dated: _____JUN 21 2010_____ By: _____

KEVIN R. CULHANE

- 2 -
GIB Services, LLC v. Global Intellectual Brands, et al. – Judgment

EXHIBIT B

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE (this "Agreement") is between and among GIB SERVICES LLC, a California limited liability company, ("GIB"), RANDY DUNHAM, an individual ("DUNHAM") INTERNATIONAL TRADE FINANCE, LLC, a Nevada limited liability company ("ITF"), RIVIERA FINANCE, INC., an Arizona corporation ("RIVIERA"), LETTER OF CREDIT FINANCE, _____ ("LOCF"), and ROWENA MITCHELL, an individual, ("MITCHELL") (collectively referred to herein as "the Parties").

### RECITALS

A.      On or about June 17, 2010, GIB filed its Complaint in the matter of *GIB Services, LLC v. International Trade Finance, LLC, et al.*, Sacramento County Superior Court Case No. 34-2010-00080453 (the "Complaint"). The Complaint alleged causes of action for Intentional Interference with Contractual Relations, Negligent Misrepresentation, Intentional Interference with Prospective Economic Relations, Negligent Interference with Prospective Economic Relations, and Libel Per Se, all arising out of its allegations. On or about April 18, 2011, GIB filed a First Amended Complaint.

B.      On or about August 30, 2010, ITF filed its Cross-Complaint in the matter of *GIB Services, LLC v. International Trade Finance, LLC, et al.*, Sacramento County Superior Court Case No. 34-2010-00080453 (the "Cross-Complaint"). The Cross-Complaint alleged causes of action for Fraud, Negligent Misrepresentation, Breach Contract, and Declaratory Relief, all arising out of its allegations. On or about September 22, 2011 ITF filed a First Amended Cross-Complaint. On or about February 9, 2012 ITF filed its Second Amended Cross-Complaint. On or about August 16, 2012, ITF filed a Motion seeking leave to file a Third Amended Cross-Complaint.

C.      It is the intent of the Parties to resolve all issues raised by the Complaint, the Cross-Complaint and any amendments to either of the same, and all operative facts (the "Operative Facts") in any way related to the facts alleged in the Complaint or the Cross Complaint, as amended, all (collectively referred to herein as the "Lawsuit") as well as all other related claims arising out of the litigation.

## AGREEMENT

Therefore, in consideration of the mutual covenants, conditions, and promises contained herein, the Parties acknowledge and agree as follows:

1.    <u>General Release and Covenant Not To Sue</u>.  In consideration of the promises set forth herein, each of the Parties, on behalf of themselves and their officers, directors, shareholders, members, managers, partners, trustees, beneficiaries, licensees, agents, employees, affiliates, attorneys, accountants, advisors, successors and assigns, hereby releases and discharges each other party hereto, and such party's past, present and future officers, directors, shareholders, members, managers, partners, trustees, beneficiaries, licensees, agents, employees, affiliates, attorneys, accountants, advisors, successors and assigns from, and relinquishes any and all past, present or future claims, demands, obligations, liabilities or causes of action of any nature whatsoever arising from or in any way related to the Lawsuit, the Operative Facts, and the Complaint and the Cross Complaint, as amended.  Except for the obligations under this Agreement, said release shall include, but shall not be limited to, claims, demands, obligations, liabilities or causes of action for compensatory damages, punitive damages, interest, diminution in value, costs, losses, expenses, compensation and attorneys' fees whether based on tort, contract, equity, statute, breach of fiduciary duty, or other theories of recovery known or unknown, suspected or unsuspected, fixed or contingent, from the beginning of time to the date of full execution of this Agreement which the Parties have or which may later accrue to or be acquired by the Parties.  Except for the obligations under this Agreement, each of the Parties hereto further covenants to the other that it shall not sue, nor by its acts or omissions cause to be sued, the other Parties or any of them, with respect to the subject matter of this Agreement.

2.    <u>Waiver of Civil Code § 1542</u>.  The Parties hereby acknowledge that the basis, nature and extent of their respective released claims are not capable of being fully known, understood, anticipated, or appreciated at this time, but have nonetheless agreed to enter into this Settlement Agreement and Mutual General Release to release all such claims.  Accordingly, each of the Parties hereby waives and relinquishes any and all rights and benefits which it may have under the provisions of Civil Code section 1542, or any similar laws of any state or territory of the United States of America, or any other jurisdiction.

Civil Code section 1542 states as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

3.    Covenants.  As a covenant and consideration hereunder, GIB shall, within two (2) business days of the mutual execution and delivery of this Agreement, unconditionally assign in writing the Judgment secured against Steven C. Dixon, in Sacramento County Superior County Superior Court Case No. 34-2009-00058989, a copy of which is attached hereto as Exhibit "A" (the "Dixon Judgment"), to ITF without warranty by GIB..  GIB and Dunham agree to cooperate, at no expense to GIB or Dunham, in ITF's effort to enforce, execute, or perfect the Dixon Judgment.  Similarly, within two (2) business days of mutual execution and delivery of this Agreement, ITF shall unconditionally submit for filing with the Court a Request for Dismissal With Prejudice of the Cross-Complaint, as amended, as to all parties.  ITF shall provide a conformed copy of said Request for Dismissal With Prejudice to GIB.

4.    No Admission of Liability.  The execution of this Agreement effects the settlement of claims which are contested and denied.  The purpose of this Agreement is for the parties to buy their peace and avoid further litigation.  Nothing contained herein shall be construed as an admission by any party of the truth of any allegation, claim, or contention against any other party.  Nor shall this Agreement be construed as an admission of any party of any liability of any kind to any other party.  Each party acknowledges that the other expressly denies that any of them is in any way liable or obligated to the other.

5.    Attorneys' Fees and Costs.  Each party to this Agreement shall bear its own attorneys' fees and costs.  However, in the event that any party hereto institutes any action or proceeding to enforce, construe, or interpret any rights granted under this Agreement, the prevailing party in such action or proceeding shall be entitled, in addition to any other relief granted by the court, to recover its reasonable attorneys' fees and other expenses incurred in such litigation.

6.    Entire Agreement.  This Agreement contains the entire understanding of the Parties.  There are no representations, covenants or undertakings other than those expressed, implied, or referred to herein.  The Parties acknowledge that no other party or any agent or attorney of any other party has made any promise, representation, or warranty whatsoever, expressed or implied or statutory, not contained or referred to herein, concerning the subject matter hereof, to induce either party to execute this Agreement in reliance on any such promise, representation, or warranty not specifically contained or referred to herein.  The Parties fully understand that if the facts with respect to which they have executed this Agreement are found hereafter to be different from the facts now believed by them to be true, they each expressly accept and assume the risk of such possible differences in facts and agree that this Agreement shall remain effective notwithstanding such differences.

7.    Advice of Counsel.  The Parties hereby acknowledge and state that they have read this Agreement in its entirety, that they understand the contents thereof, that their execution of this Agreement is voluntary and not the subject of duress or undue influence, that this Agreement is intended to resolve disputed claims and the consideration provided herein is fair

and reasonable, and that the Parties have relied upon and had the opportunity to seek the legal advice of the attorneys of their own choice and such other persons as they may have deemed appropriate, prior to executing this Agreement.

8.    <u>Construction</u>. This Agreement has been arrived at through negotiations. Each party and counsel for each party, if any, has participated in the drafting of this Agreement and, accordingly, normal rules of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

9.    <u>Severability</u>. If any provision of this Agreement as applied to any party or to any circumstance shall be adjudged by the court to be void and unenforceable, the same shall in no way affect the validity and enforceability of any other provision or of the Agreement as a whole.

10.    <u>Waiver, Modification, and Amendment</u>. No provision herein may be waived unless in writing and signed by the party or parties whose rights are thereby waived. Waiver of one provision herein shall not be deemed to be a waiver of any other provision herein. This Agreement may be modified or amended only by written agreement of the parties.

11.    <u>Specific Performance</u>. The terms of this Agreement are contractual in nature and not mere recitals and the obligations of the Parties are acknowledged to be capable of performance through specific performance. This Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding which may be instituted, prosecuted, or attempted concerning the Complaint or the Cross-Complaint, as amended.

12.    <u>Representations; No Assignment or Undisclosed Claims</u>. Each of the Parties to this Agreement represents to the other Parties that it has not assigned, transferred or purported to assign or transfer to any person, corporation or other legal entity, either voluntarily or involuntarily, any claims, cause of action or right based on or arising out of or in connection with any matter, fact or thing as to which this Agreement is given. Each of the Parties further represents that it has the sole right and exclusive authority to execute this Agreement. Each of the parties further represents and warrants to the other Parties that it is not aware of and does not now possess any undisclosed claims against the other, including without limitation any claims, cause of action or right based on or arising out of or in connection with any matter, fact or thing whether or not related to that as to which this Agreement is given.

13.    <u>Binding Effect</u>. This Agreement is not intended to and shall not confer upon any other person any rights or remedies hereunder or otherwise with respect to the subject matter hereof. Notwithstanding any other term set forth herein, this Agreement shall be binding upon and inure to the benefit of the Parties' present and future parent companies, holding companies, subsidiaries, affiliates, officers, directors, shareholders, members, managers, partners, trustees, beneficiaries, licensees, employees, attorneys, accountants, advisors, agents, successors, representatives, heirs and assigns.

14.    Governing Law.  This Agreement shall be construed and interpreted under and according to the laws of the State of California.  Any action arising out of this Agreement shall be brought in the Superior Court for Sacramento County.

15.    Execution in Counterparts.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, and all of which, when taken together, shall constitute the Agreement.

16.    Enforcement.  The Parties hereby acknowledge, agree, and stipulate that each has the right to enforce any provision of this Agreement by filing any appropriate action, proceeding, or motion, including, but not limited to, a motion pursuant to Code of Civil Procedure section 664.6.

17.    Additional Documents.  The Parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement on the dates indicated below, the latest of which shall be deemed the effective date of this Agreement.

| GIB SERVICES LLC | COUNSEL TO GIB and DUNHAM |
| | JACOBS LAW CORPORATION, |
| | Approving as to Form |

By: _____            By: _____

    Randy Dunham                                    Christopher G. Jacobs, Esq.

Dated: _9-7-12_                                   Dated: _9-7-12_

RANDY DUNHAM

By: _____

    Randy Dunham


| INTERNATIONAL TRADE FINANCE, LLC | COUNSEL TO ITF, RIVIERA, LOCF, and MITCHELL, Approving as to Form |
| | LEWIS BRISBOIS BISGAARD & SMITH |

By: _____            By: _____

Dated: _____          Dated: _____


RIVIERA FINANCE, INC.                    ROWENA MITCHELL

By: _____            By: _____

Dated: _____          Dated: _____

LETTER OF CREDIT FINANCE

By: _____

Dated: _____

IN WITNESS WHEREOF, the parties have executed this Agreement on the dates indicated below, the latest of which shall be deemed the effective date of this Agreement.

GIB SERVICES LLC

By: _____
    Randy Dunham
Dated: 9-7-12

RANDY DUNHAM

By: _____
    Randy Dunham

COUNSEL TO GIB and DUNHAM

JACOBS LAW CORPORATION,

Approving as to Form

By: _____
    Christopher G. Jacobs, Esq.
Dated: 9-7-12

INTERNATIONAL TRADE FINANCE, LLC

By: _____
Dated: 10 Sep 2012

RIVIERA FINANCE, INC.

By: _____
Dated: 10 Sep 2012

LETTER OF CREDIT FINANCE

By: _____
Dated: _____

COUNSEL TO ITF, RIVIERA, LOEB, and MITCHELL, Approving as to Form

LEWIS BRISBOIS BISGAARD & SMITH

By: _____
Dated: 9-12-2012

ROWENA MITCHELL

By: _____
Dated: 10 Sep 2012

4839-4063-0032-1                    Page 6 of 7                    D6328.FINAL/275

EXHIBIT "A"

DIXON JUDGMENT

1  CHRISTOPHER G. JACOBS, ESQ.    (SBN 111662)
2  JACOBS LAW CORPORATION
   2356 Gold Meadow Way, Suite 250
3  Gold River, CA  95670
   Telephone: (916) 853-5500
4  Facsimile: (916) 853-5502
5
   Attorneys for Plaintiff,
6  GIB SERVICES, LLC, a California limited liability company



FILED/ENDORSED

JUN 2 1 2010

By: _____
    M. ARTATES
    Deputy Clerk

7
8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF SACRAMENTO

10

11  GIB SERVICES, LLC, a California limited          Case No.  34-2009-00058989
12  liability company,

13          Plaintiff,

14  v.                                               JUDGMENT

15

16  GLOBAL INTELLECTUAL BRANDS, LLC,
    a Delaware limited liability company,
17  previously known as HR US, LLC; STEVEN
    C. DIXON; and DOES ONE through                   "UNLIMITED CIVIL CASE"
18  TWENTY, inclusive,

19          Defendants.

20

21      TO THE DEFENDANTS AND THEIR ATTORNEY(S) OF RECORD:

22      Defendants were properly served with a copy of the Summons and Complaint.

23  Defendants failed to answer the Complaint or appear and defend the action within the time

24  allowed by law.  Defendants' default was entered by the Clerk upon Plaintiff's application.  The

25  Court considered Plaintiff's written Declaration (Code Civ. Proc. § 585(d)).  Having reviewed

26

27  the documents and evidence submitted and previously filed and good cause having been shown,

28  this Court hereby orders, adjudges and decrees that:

- 1 -

Judgment is entered by this Court for Plaintiff, GIB SERVICES, LLC, a California limited liability company, and against the Defendants, GLOBAL INTELLECTUAL BRANDS, LLC, a Delaware limited liability company, previously known as HR US, LLC, and STEVEN C. DIXON. The absolute verity of all of the allegations of the Complaint having been admitted by the default of the Defendants, this Court further finds and orders as follows:

Defendants must pay Plaintiff on the Complaint:

1.   Damages in the principal amount of $83,346.93;

2.   Pre-Judgment Interest in the amount of $6,255.42;

3.   Attorney fees in the amount of $4,966.94 or such other amount as the Court deems just and proper; and

4.   Costs in the amount of $597.51;

For a total money judgment of $95,166.80.

5.   In addition, as to the Fifteenth Cause of Action, performances of Plaintiff under the PURCHASE AGREEMENT as defined in the Complaint filed by Plaintiff in this action are excused; including without limitation, obligations to pay money or perform covenants and/or account for consideration paid or received.

JUDGE OF THE SUPERIOR COURT
COUNTY OF SACRAMENTO

Dated: _____JUN 2 1 2010_____    By: _____

KEVIN R. CULHANE

-2-

GIB Services, LLC v. Global Intellectual Brands, et al. – Judgment

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Christopher G. Jacobs, Esq.         SBN 111662<br>JACOBS LAW CORPORATION<br>2356 Gold Meadow Way, Suite 250<br>Gold River, CA 95670<br><br>TELEPHONE NO.: (916) 853-5500    FAX NO. (Optional): (916) 853-5502<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): GIB Services, LLC | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SACRAMENTO
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Sacramento 95814
BRANCH NAME: Gordon D. Schaber Courthouse

PETITIONER/PLAINTIFF: GIB Services, LLC, a California limited liability company

RESPONDENT/DEFENDANT: Global Intellectual Brands, LLC, a Delaware limited liability company, et al.

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>34-2009-00058989 |
|---|---|

**(Do not use this Proof of Service to show service of a Summons and Complaint.)**

1. I am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   2356 Gold Meadow Way, Suite 250
   Gold River, CA 95670

3. On (date): 11/13/15    I mailed from (city and state): Gold River, CA
   the following documents (specify):

   Acknowledgement of Assignment of Judgment by Judgment Creditor GIB Services, LLC

   ☐ The documents are listed in the Attachment to Proof of Service by First-Class Mail—Civil (Documents Served) (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and (check one):
   a. ☑ depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. Name of person served:    John R. Yates, Esq.
   b. Address of person served:
      Greenberg & Bass LLP
      16000 Ventura Boulevard, Suite 1000
      Encino, CA 91436-2730

   ☐ The name and address of each person to whom I mailed the documents is listed in the Attachment to Proof of Service by First-Class Mail—Civil (Persons Served) (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 11/13/15

Kathy L. Messenger
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)              (SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005]          **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>(Proof of Service)          Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov

# EXHIBIT C

Branch :P01.User :1956                    Comment:                                    Station Id :CU9A

RECORDING REQUEST BY

WHEN RECORDED MAIL TO

NAME:        Roger Frommer, Esq.
             ROGER FROMMER & ASSOCIATES
MAILING      2500 Wilshire Boulevard,
ADDRESS      Suite 504

CITY, STATE  Los Angeles, CA
ZIP CODE     90057-4310

006888

2002-0636296

DOC # 2002-0636296

JUL 30, 2002  8:48   AM

OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
         FEES:        15.00
         NOTICES:      2

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## TITLE(S)

ABSTRACT OF JUDGMENT

Branch :P01,User :1956                    Comment:                                    Station Id :CU9A

WHEN RECORDED MAIL TO:
Roger Frommer, Esq.                    **006889**
ROGER FROMMER & ASSOCIATES
2500 Wilshire Blvd., Suite 504
Los Angeles, CA 90057
Tel: (213) 388-8125

**ORIGINAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ALAN LEWIS,

                              PLAINTIFF(S),

            v.

DELMIS G. DUNCAN

                              DEFENDANT(S).

CASE NUMBER:

CV 01-6350 GHK (AIJx)

ABSTRACT OF JUDGMENT

I certify that in the above-entitled action and Court, Judgment was entered on      May 8, 2002
in favor of   ALAN LEWIS

                              c/o Roger Frommer & Associates
whose address is ___ 2500 Wilshire Boulevard, Suite 504, Los Angeles, CA 90057

and against   DELMIS G. DUNCAN, STEVE C. DIXON AND NANCY DIXON jointly and severally

                              Delmis Duncan - 12745 Venice Blvd., Los Angeles, CA 90066
whose last known address is   Steve C. and Nancy Dixon - 1437 Corte Goya, Oceanside, CA 92054

for $ 42,842.84 _____ Principal, $ _____ -0- _____

$ 7,081.46 _____ Costs, and $ _____ -0- _____ Attorney Fees,

ATTESTED this    17th    day of    July    , 2002

Judgment debtor's driver's license no. and state;                                    ☒ Unknown.

Judgment debtor's Social Security number; _____                                 ☒ Unknown.

☒ No stay of enforcement ordered by Court

☐ Stay of enforcement ordered by Court, stay date ends _____

Judgment debtor's attorney's name and address and/or address at which summons was served:
    Delmis G. Duncan - 12745 Venice Boulevard, Los Angeles, CA 90066
    Steve C. and Nancy Dixon

1437 Corte Goya

Oceanside, CA 92054

CLERK, U. S. DISTRICT COURT

By _Valerie Brown_
                              Deputy Clerk

G-18 (08/97)                         ABSTRACT OF JUDGMENT

# EXHIBIT D

RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO:
John R. Yates, Esq.
Greenberg & Bass LLP
A Registered Limited Liability Partnership
16000 Ventura Boulevard, Suite 1000
Encino, California 91436

DOC# 2016-0377702

Jul 27, 2016 12:41 PM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES:   $24.00

PAGES: 4

(Space above this line for Recorder's use)

# ASSIGNMENT OF JUDGMENT LIEN

96300.1 -- 30000.0116

ORIGINAL

## ASSIGNMENT OF JUDGMENT LIEN

THIS ASSIGNMENT OF JUDGMENT LIEN (this "**Agreement**") is made and entered into as of July 21, 2016 (the "**Effective Date**") by and between the SOUTHERN CALIFORNIA PAINTING AND DRYWALL INDUSTRIES TRUST FUNDS, BY AND THROUGH GRANT MITCHELL, TRUSTEE ("**Assignor**") and INTERNATIONAL TRADE FINANCE, LLC ("**Assignee**").

### RECITALS

A.    Assignee is the owner of all right, title and interest to and in the judgment in the amount of $42,842.84, recorded as Instrument No. 02-636296 in the books of the San Diego County Recorder, on July 30, 2002 (the "Judgment Lien"). The judgment creditor of record for the Judgment Lien is Alan Lewis, who at all times was a collection agent for Assignor and acting for the sole benefit of Assignor.

B.    Assignor now desires to assign, and has the sole right to assign, to Assignee all of Assignor's right, title and interest in and to the Judgment Lien. Assignor's right, title and interest consists of $10,655.95 still unpaid of the entered judgment of $42,842.84, plus accrued interest and any costs of collection that may be recoverable.

NOW, THEREFORE, in consideration of the mutual covenants, representations, and warranties contained in this Agreement, and for monetary consideration in the amount of ten thousand six hundred sixty five dollars and ninety-five cents ($10,665.95) paid to Assignor, Assignor and Assignee agree as follows:

1.    Assignment.  Assignor hereby assigns to Assignee all of its right, title and interest in and to the unpaid portion of the Judgment Lien, including the right to enforce the Judgment Lien against the judgment debtor(s), and to collect the amount still owed on the judgment lien including principal, accrued interest before and after the date of recordation, and any and all costs of enforcement that may be added to the Judgment Lien by operation of law.

2.    Assignee's Consent.  Assignee hereby expressly consents to the Assignment.

| "ASSIGNOR" | "ASSIGNEE" |
|---|---|
| SOUTHERN CALIFORNIA PAINTING AND DRYWALL INDUSTRIES TRUST FUNDS | INTERNATIONAL TRADE FINANCE, LLC |
| By: _____ Grant Mitchell, Trustee | By: _____ Rowena Mitchell |
| | Its: _____ Manager |

1323205.2 -- 30783.0003

1

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**          CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California,
County of _Los Angeles_ )

On _July 21, 2016_ before me, _Arelys V. Mendez, Notary_ ,
          Date                                                    Here Insert Name and Title of the Officer

personally appeared _Grant Gene Mitchell_
                                          Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

**ARELYS V. MENDEZ**
Commission # 2138930
Notary Public - California
Los Angeles County
My Comm. Expires Jan 9, 2020

Signature _Arelys V. Mendez_
                    Signature of Notary Public

_____

Place Notary Seal Above

────────────────── OPTIONAL ──────────────────
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Assignment of Judgment Lien_ Document Date: _7/21/16_
Number of Pages: _1_  Signer(s) Other Than Named Above: _0_

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _Grant Gene Mitchell_
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual      ☐ Attorney in Fact
☑ Trustee        ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _Assignor_

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual      ☐ Attorney in Fact
☐ Trustee        ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907

# CALIFORNIA ALL- PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California _____ }

County of *Los Angeles* _____ }

On *July 25, 2016* before me, *Sylvia Pierson, Notary*
(Here insert name and title of the officer)

personally appeared *ROWENA MITCHELL* _____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/~~are~~ subscribed to the within instrument and acknowledged to me that ~~he/she/they~~ executed the same in ~~his/her/their~~ authorized capacity(~~ies~~), and that by ~~his/her/their~~ signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

```
SYLVIA PIERSON
Commission # 2075555
Notary Public - California
Los Angeles County
My Comm. Expires Aug 19, 2018
```

_____
Notary Public Signature                    (Notary Public Seal)

---

## ADDITIONAL OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT

*Assignment of Judgment Lien*
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date_____

### CAPACITY CLAIMED BY THE SIGNER
- ☐ Individual (s)
- ☐ Corporate Officer

  _____
  (Title)
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other _____

2015 Version www.NotaryClasses.com 800-873-9865

## INSTRUCTIONS FOR COMPLETING THIS FORM

*This form complies with current California statutes regarding notary wording and, if needed, should be completed and attached to the document. Acknowledgments from other states may be completed for documents being sent to that state so long as the wording does not require the California notary to violate California notary law.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they,- is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document with a staple.

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>INTERNATIONAL TRADE FINANCE, INC., | DEFENDANTS<br>STEVEN CHRIS DIXON; RONALD E. STADTMUELLER in his capacity as Chapter 7 Trustee; and BROKER SOLUTIONS, INC. dba NEW AMERICAN FUNDING |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>ROBERT D. BASS, ESQ. (State Bar No. 060528)<br>rbass@greenbass.com<br>GREENBERG & BASS LLP<br>16000 Ventura Boulevard, Suite 1000<br>Encino, California 91436 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>Debtor        U.S. Trustee/Bankruptcy Admin<br>Creditor  X      Other<br>Trustee | PARTY (Check One Box Only)<br>Debtor  X      U.S. Trustee/Bankruptcy Admin<br>Creditor       Other<br>Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
(1) Determine validity, priority and extent of liens; (2) Objection to Debtor's Claim of Exemption; (3) Declaratory Relief; and (4) Injunctive Relief, concerning real property located at 474 Solana Real, Fallbrook, CA 92028, pursuant to 11 U.S.C. §§ 105, 502, 506 and 522

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
11 - Recovery of money/property - § 542 turnover of property
12 - Recovery of money/property - § 547 preference
13 - Recovery of money/property - § 548 fraudulent transfer
14 - Recovery of money/property - other

**X FRBP 7001(2) – Validity, Priority or Extent of Lien**
21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
61 - Dischargeability - § 523(a)(5), domestic support
68 - Dischargeability - § 523(a)(6), willful and malicious injury
63 - Dischargeability - § 523(a)(8), student loan
64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
65 - Dischargeability - other

**X FRBP 7001(7) – Injunctive Relief**
71 - Injunctive relief - reinstatement of stay
72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
81 - Subordination of claim or interest

**X FRBP 7001(9) Declaratory Judgment**
91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
01 - Determination of removed claim or cause

**Other**
SS-SIPA Case – 15 U.S.C. §§ 78aaa *et.seq.*
02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

Check if this case involves a substantive issue of state law      Check if this is asserted to be a class action under FRCP 23

Check if a jury trial is demanded in complaint      Demand $

Other Relief Sought
Judicial determination and declaratory relief that Plaintiff hold secured claims in the second and third priority positions against the subject property, and that a homestead exemption cannot be asserted to protect any interest on that same property.

1327250.1 – 30783.0001

B1040 (Page 2) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br><br>STEVEN CHRIS DIXON | | BANKRUPTCY CASE NO.<br><br>16-03117-LT7 |
| DISTRICT IN WHICH CASE IS PENDING<br><br>Southern District of California | DIVISIONAL OFFICE<br><br>San Diego | NAME OF JUDGE<br><br>Laura S. Taylor |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ROBERT D. BASS | |
|---|---|
| DATE<br><br>July 29, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Robert D. Bass |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.   Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.   There also may be lawsuits concerning the debtor's discharge.   If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).   (CM/ECF captures the information on Form 1040 as part of the filing process.)   When completed, the cover sheet summarizes basic information on the adversary proceeding.   The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.   The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).   A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**   Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.**   Give the names and addresses of the attorneys, if known.

**Party.**   Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.**   Enter the dollar amount being demanded in the complaint.

**Signature**.   This cover sheet must be signed by the attorney of record in the box on the second page of the form.   If the plaintiff is represented by a law firm, a member of the firm must sign.   If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

1327250.1 -- 30783.0001

CSD 2500A [12/01/15]
Name, Address, Telephone No. & I.D. No.

ROBERT D. BASS, ESQ. (State Bar No. 060528)
rbass@greenbass.com
GREENBERG & BASS LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Tel: (818) 382-6200 • Fax: (818) 986-6534

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

| In Re | |
|---|---|
| STEVEN CHRIS DIXON | Bankruptcy No. 16-03117-LT7 |
| Debtor | |
| INTERNATIONAL TRADE FINANCE, INC., | Adversary No. |
| Plaintiff(s) | |
| v. | |
| STEVEN CHRIS DIXON; RONALD E. STADTUMELLER in his capacity as Chapter 7 Trustee; and BROKER SOLUTIONS, INC. dba NEW AMERICAN FUNDING | |
| Defendant(s) | |

SUMMONS IN AN ADVERSARY PROCEEDING

**YOU ARE SUMMONED** and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of Clerk

Clerk, United States Bankruptcy Court
Southern District of California
325 West F Street
San Diego, California 92101-6991

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney
Robert D. Bass, ESQ.
GREENBERG & BASS LLP
16000 Ventura Boulevard, Suite 1000
Encino, CA 91436

If you make a motion, your time to answer is governed by Federal Rule of Bankruptcy Procedure 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Barry K. Lander, Clerk of the Bankruptcy Court

Dated: _____     By:_____, Deputy Clerk

CSD 2500A

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

16000 Ventura Blvd., Ste. 1000, Encino, CA 91436

A true and correct copy of the foregoing document entitled (specify):  **SUMMONS, COMPLAINT, and ADVERSARY PROCEEDING COVER SHEET** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 29, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Robert D. Bass     rbass@greenbass.com, mkerpik@greenbass.com
- John Given     john@freemanandgiven.com, info@freemanandgiven.com
- John H. Kim     jkim@cookseylaw.com, jhkim@ecf.courtdrive.com
- Ronald E. Stadtmueller     ecfstadt@aol.com, ecfstadt2@aol.com;res@trustesolutions.net;ecfstadt@gmail.com
- United States Trustee     ustp.region15@usdoj.gov

☐   Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) July 29, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐   Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 29, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 29, 2016 | Kathryn Sopky | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**